**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 28, 2009

No. 08-31020
Summary Calendar

Charles R. Fulbruge III
Clerk

WARREN PALMER, III

Plaintiff - Appellant

v.

BURL CAIN; HERBERT DUNCAN; TROY PORET

Defendants - Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
3:07-CV-461

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Warren Palmer, III, an inmate at the Louisiana State Penitentiary at Angola, filed a 42 U.S.C. § 1983 action against prison officials which the district court dismissed.

In his brief, Palmer raises two claims. First, he complains about the manner in which a disciplinary meeting was conducted before he was transferred to administrative segregation. Second, he argues that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

magistrate judge improperly granted defendants' motion for summary judgment and dismissed his claim that the defendants deprived him of his right to exercise while confined in administrative segregation.

For the following reasons we affirm the district court's judgment.

Palmer's first claim fails because due process is generally not required at prison disciplinary hearings unless a hardship much more atypical or significant than Palmer's 97 days in administrative segregation is imposed. *See Sandin v. Conner*, 515 U.S. 472, 483-86 (1995); *Hernandez v. Velasquez*, 522 F.3d 556, 563 (5th Cir. 2008). On his second claim, a review of the record reveals that the magistrate judge correctly determined that Palmer failed to exhaust his administrative remedies on his argument that defendants deprived him of his right to exercise while confined in administrative segregation.

Accordingly, the district court's grant of summary judgment is AFFIRMED.